IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 5 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00871-OES

EUGENIO A. NAVARRO, JR.,

      Plaintiff,

v.

HON. JUDGE MORRIS WILLIAM (R) SANDSTEAD, JR.,
D. A. JOHN PICKERING,
MS. SHIELA K. ANDERSON,
WESLEY A. MILLER, ESQ.,
CHERYL KOH-SICOLLE, ESQ.,
MAGISTRATE CAROLY ML, and
PAULA MCKEY-BLDER [sic], County CSE,

      Defendants.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the document titled "Plaintiff's Reply to the Courts [sic] Motion address [sic] 'Order and Judgment of Dismissal'" submitted by Plaintiff Eugenio A. Navarro, Jr., and filed with the Court on July 8, 2005. Mr. Navarro is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado.

On May 12, 2005, Mr. Navarro submitted to the Court a Prisoner Complaint. In an order filed on June 30, 2005, the Court dismissed the complaint and the action without prejudice for Plaintiff's failure to pay an initial partial filing fee of $7.00 within the time allowed or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. The reasons for the dismissal are explained in

greater detail in the June 30 order. For the reasons stated below, the document titled "Plaintiff's Reply to the Courts [sic] Motion address [sic] 'Order and Judgment of Dismissal'" will be treated as a motion to reconsider, and the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The order filed on June 30, 2005, dismissed the complaint and action without prejudice for Plaintiff's failure to pay the $11.00 initial partial filing fee within the time allowed. The instant motion was filed on July 8, 2005. Plaintiff has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Navarro fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Plaintiff contends that he never received the May 12, 2005, order requiring him to pay an $11.00 initial partial filing fee. However, the May 12 order and the June 30, 2005, dismissal order were mailed to the same address Plaintiff provided. Plaintiff does not allege he failed to receive the dismissal order. Moreover, the dismissal was without prejudice. If Plaintiff wishes to pursue his claims he may do so by initiating a new action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Plaintiff's Reply to the Courts [sic] Motion address [sic] 'Order and Judgment of Dismissal'" submitted by Plaintiff Eugenio A. Navarro, Jr., and filed with the Court on July 8, 2005, and which the Court has construed liberally as filed pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 15 day of July, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-00871-ZLW

Eugenio A. Navarro, Jr.
Prisoner No. 83708
Arkansas Valley Corr. Facility
PO Box 1000 – Unit 2
Crowley, CO 81034

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  7-15-05

GREGORY C. LANGHAM, CLERK

By _____
    Deputy Clerk